IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL A. GRIGGS,

       Plaintiff,

   v.

TEICHERT CONSTRUCTION, INC., A.
TEICHERT & SON, INC., and DOES 1
through 20, inclusive

       Defendants.

_____/

No. 2:07-CV-01117 JAM KJM

ORDER DENYING MOTION
TO REMAND

Plaintiff Daniel A. Griggs ("Griggs") brought a state action against his former employer Teichert Construction, Inc. and A. Teichert & Son, Inc. (collectively "Teichert") alleging claims for discrimination on the basis of race in violation of California's Fair Employment and Housing Act, Cal. Gov't.Code §§ 12900 *et seq.* ("FEHA"), defamation, retaliation, constructive discharge, breach of contract, and bad faith. Teichert removed the action to this Court on the basis of federal question jurisdiction. Griggs now moves to remand the matter to state

1

court.   For the reasons set forth below, Griggs' motion is DENIED.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Teichert is a general contractor in the business of building infrastructure, including roads, sidewalks, freeways, curbs, utility trenches, and gutters.   Griggs, an African-American, is a former employee of Teichert with thirty years of experience as an Operating Engineer of heavy construction equipment.   He was employed by Teichert on and off for approximately five years as a 631 Scraper Operator ("631 Operator").

On or about August 23, 2005, Griggs was re-hired by Teichert as a 631 Operator for a job at Laguna Ridge.   On or about September 6, 2005, Griggs and two other 631 Operators, Maurice Davis ("Moe"), an African-American, and Chris Downing ("Downing"), a Caucasian, were directed to go home due to a shut down.   They were told that they would receive a call from Ed Netzel ("Netzel"), a Teichert Superintendent, regarding the shut down.   Griggs later learned that the project had not been shut down.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.   E.D. Cal. L.R. 78-230(h).

On or about September 6, 2005, Griggs, Moe and Downing were terminated.  Netzel informed Griggs that they had been terminated because they were the weakest of the 631 Operators. The next day, however, Griggs went to the Laguna Ridge jobsite and discovered that Downing, the Caucasian 631 Operator, had not been terminated.  At the jobsite, Griggs was informed by Teichert's dispatcher, Lori Aguilar ("Aguilar"), that he had been laid-off, not terminated.  Thereafter, Griggs complained to his union that he had been discriminated against.

On or around September 9, 2005, after allegedly learning that Griggs would be filing a grievance, Teichert offered Griggs a position at a different jobsite.  According to Griggs, this position was inferior to his previous assignment because the work was short term and the 631 Operators at that jobsite were inexperienced.  Griggs subsequently resigned out of concern for his safety and because it had become obvious that he was being retaliated against for complaining of discrimination and harassment.  Griggs then contacted a union representative and told him that he had resigned because Teichert had purposely placed him in harm's way by requiring him to work with untrained 631 Operators.  He also told the union representative that he wanted to file a grievance against Teichert for discrimination and harassment on the basis of race.

On or about September 16, 2005, Griggs learned that Teichert was looking to employ thirty 631 Operators, even though he had been told by Teichert that the project was downsizing. On this same day, a union official, Robert L. Wise, Recording-Corresponding Secretary of the Operating Engineer Local Union No. 3, sent a letter to Teichert on behalf of Griggs stating that Teichert had discriminated against Griggs by terminating him.  The letter also stated that the union was filing a grievance against Teichert for violating various provisions of the "labor relation's agreement."

On May 2, 2007, Griggs filed the instant action in Sacramento County Superior Court alleging claims for discrimination on the basis of race in violation of FEHA, defamation, retaliation, constructive discharge, breach of contract, and bad faith.  On June 11, 2007, Teichert filed a Notice of Removal alleging that this Court has jurisdiction over the instant action because Griggs' state law breach of contract claim is an artfully pled claim for breach of a collective bargaining agreement ("CBA") under section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a) ("section 301"), which completely preempts state law claims.  On August 6, 2008, Griggs filed a motion to remand to state court for improper removal on the basis that his complaint alleges state law claims that are not dependent on an interpretation of a CBA.

II.   OPINION

A suit may be removed to federal district court only if it could have been brought there originally.   28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).   The presence or absence of federal question jurisdiction that will support removal is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint. Id.   Ordinarily, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption.   Id. at 393.

Under the "complete preemption doctrine," however, once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law and is removable.   Caterpillar, 482 U.S. at 393. "Controversies involving collective bargaining agreements constitute one such area."   Galvez v. Kuhn, 933 F.2d 773, 776 (9th Cir. 1991) (citing Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399 (1988)); see also Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987) ("A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301.").   Thus, while Griggs' complaint only alleges state law causes of action, the

5

question before the Court is whether Griggs' complaint alleges a

claim arising under section 301, thus permitting removal to

federal court.

Section 301 provides federal jurisdiction over "[s]uits for

violation of contracts between an employer and a labor

organization."  29 U.S.C. § 185(a).  Section 301 preempts and

displaces any state law claim that is either (1) "based directly

on rights created by a collective bargaining agreement," or (2)

"substantially dependent on an interpretation of a collective

bargaining agreement."  Beals v. Kiewit Pacific Co., Inc., 114

F.3d 892, 894 (9th Cir. 1997).  It is not dispositive that a

complaint is framed without reference to a CBA.  Allis-Chalmers

Corp. v. Lueck, 471 U.S. 202, 210-11 (1985).  Rather, state

claims which require interpretation of a CBA, or are

"substantially dependent upon analysis of the terms of an

agreement made between the parties in a labor contract," are

preempted by section 301.  Lingle, 486 U.S. at 410; Allis-

Chalmers, 471 U.S. at 213.  Section 301, however, does not

preempt every claim concerning employment or tangentially

involving a provision of a CBA.  Allis-Chalmers, 471 U.S. at

211.  If a court can uphold state rights without interpreting

the terms of a CBA, the state claim is not necessarily

preempted.  Id.  Any state claim preempted by section 301 can

only be brought as a federal claim under section 301.  Rissetto

v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 599 (9th Cir. 1996).

In this case, Griggs' complaint is framed without specific reference to a CBA.  Rather, his complaint simply alleges that he and Teichert "entered into an employment contract on or about August 23, 2005, and during the term of [his] employment.  The contract was oral, written and implied-in-fact.  The basic terms provided that [Griggs'] employment would be secure for as long as his performance was satisfactory, that [he] would not be terminated without good cause, and that [he] would earn agreed-upon wages and fringe benefits."  Griggs does not (1) dispute the existence of a CBA between his union and Teichert or (2) contend that the "contract" referenced in his complaint is independent of the CBA or that the subject matter of this contract is a job position not covered by the CBA.  Rather, Griggs contends that his individual labor contract is independent of the CBA and that his contract claim is thus not a claim for breach of the CBA.  Teichert counters by arguing that Griggs' breach of contract claim is preempted by section 301 because resolving this claim will require the Court to interpret the CBA.  According to Teichert, Griggs' breach of contract claim is a claim for breach of the CBA because it is predicated upon the CBA insofar as Griggs has asserted rights under the CBA.  In essence, Teichert argues that Griggs assertion of

rights under the CBA, i.e., pursuing grievance procedures, demonstrates that he occupies a union position governed by the CBA, and therefore his breach of contract action is preempted by the CBA.  The Court agrees.

Based on the record before the Court, it is evident that Griggs occupied a position governed by a CBA entered into between Teichert and Griggs' union.  This is evidenced by the fact that Griggs had access to the grievance procedures under the CBA.  Griggs' complaint specifically alleges that, following his termination, a union official sent a letter to Teichert on his behalf asserting that Teichert had discriminated against Griggs by terminating him, and that the Union was filing a grievance against Teichert for violation of various provision of the "labor relation's agreement."  Thus, even assuming that Griggs entered into an individual labor contract with Teichert, his breach of contract claim is preempted under section 301 because he occupied a position governed by the CBA insofar as he had access to a CBA-sanctioned grievance procedure.  See Young, 830 F.2d at 998 (An employee in a position with access to a CBA-sanctioned grievance procedure cannot state an individual claim for breach of contract under state law.  Such a claim is necessarily preempted by section 301.).

In the instant case, because it is evident that Griggs took advantage of the CBA's grievance procedures, he cannot

state an individual claim for breach of contract under state law.  Such a claim is completely preempted and supplanted by a federal claim for breach of the CBA under section 301.  Griggs' individual labor contract is only enforceable under the CBA. Accordingly, because section 301 provides exclusive federal jurisdiction over suits for violation of contracts between an employer and a labor organization, the Court has jurisdiction to adjudicate this controversy.  The Court therefore denies Griggs' motion to remand.

III. ORDER

For the reasons set forth above, Griggs' motion to remand is DENIED.

IT IS SO ORDERED.

Dated:  September 19, 2008

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE